## ROSENBLUM v. WILKES et.

### Ohio Appeals, 9th Dist., Summit Co.

### No. 1422.   Decided April 4, 1928.

**First Publication of This Opinion.**

### Syllabus by Editorial Staff.

**45. ADVERSE POSSESSION—997.    Real Estate—191. Burden of Proof.**

1. In action to secure title by adverse possession, burden of proof is upon plaintiff to prove all essential elements of claim by preponderance of evidence, and this burden remains upon him throughout the entire trial.

2. Essence of adverse possession is, that holder claims right to his possession not under, but in opposition, to title to which his possession is alleged to be adverse. Possession not adverse when held by agreement, or when held under and not in opposition to, title of true owner.

Harris & Holub, Akron, for Rosenblum.
Mottinger & Evans, Akron, for Wilkes et.
Appeal from Common Pleas.
Petition dismissed.

### STATEMENT OF FACTS.

The parties to this litigation own adjoining lots on Sherman Street in the City of Akron, and the dispute arises over the title to a 12-inch strip of land, which the plaintiff claims "is a portion of a driveway which the plaintiff and his predecessors in title have, for more than 21 years, been in the uninterrupted, actual, open, notorious, exclusive and adverse possession of." This strip is located on the south side of plaintiff's land and the north side of defendant's land, and is embraced within the description of the land deeded to said defendants.

The record shows that Adam Memmer was one of the predecessors in title of the plaintiff and that he acquired the property in the year 1897. At that time his brother-in-law, John Schmidt, helped him move into said property, and there was a fence along the record line between the property of the plaintiff and that of the defendant. When Memmer moved into said property, the driveway along the south side of his property was quite narrow, and, in moving into said property and using said driveway, the vehicles used scraped the north side of said fence and loosened some of the boards and pickets thereon.

In 1901 John Schmidt purchased the property south of plaintiff's property and became the predecessor in title of the defendants. After he had lived in said property a short time, he noticed that every time vehicles drove into his brother-in-law's driveway, they scraped said fence and frequently would knock off some of the pickets or boards thereon. So, according to his testimony, he took the fence down about the year 1902 or 1903, and moved it to the south about 12 inches, so, as he said, his brother-in-law could have more room for his driveway.

When the plaintiff moved upon his property, he found the fence where John Schmidt had placed it in 1902 or 1903, and it remained there until it became dilapidated and was removed by the plaintiff, about four years ago.

After the plaintiff bought his property, and about fifteen or sixteen years ago, according to his own testimony, he paved his driveway from the sidewalk east to the top of the hill, being from 20 to 25 feet, and up to the fence on the south side.

Upon this state of facts the plaintiff claims either to own the 12-inch strip in fee simple, or to have an easement over the same by prescription.

PARDEE, J.

"In this case the burden of proof is upon the plaintiff to prove all the essential elements of his claim by a preponderance of the evidence, and this burden remains upon him throughout the entire trial. These essential elements are well stated by Judge Follett, in his opinion on pg. 21 of the 42 OS. Reports, in the case of Dietrick v. Noel, and are the following, to wit:

Adverse possession must be actual, open, continuous, hostile, and exclusive. The very essence of an adverse possession is, that the holder claims the right to his possession, not under, but in opposition to the title to which his possession is alleged to be adverse. Nor is possession adverse when it is held by agreement with the true owner.

In this case there is no evidence of an express agreement made beween Memmer and Schmidt at the time the fence was moved, and the only evidence we have upon that subject is what Schmidt testifies to (Memmer being dead)—that he moved the fence to accommodate his brother-in-law and also to prevent the fence from being partially destroyed when the driveway was used, and that he moved it upon his own ground; and from that time in 1902 until 1914, the time that the plaintiff testified he paved the driveway, there is no evidence of any overt act by the plaintiff and his predecessors that they claimed to own this property, except the occasional use to which they put the driveway.

The evidence, in our judgment, shows that the plaintiff and his predecessors in title held and used said 12-inch strip under and not in opposition to the title of the defendants and their predecessors. The relationship of the original parties, the reasons given for the removal of the fence, and the reasonable and proper inferences to be drawn therefrom, the uses to which the driveway was put, and all of the circumstances as shown by the evidence, convince us that the plaintiff is not entitled to claim the 12-inch strip for any purpose over the objection of the defendants.

But assuming that the plaintiff has established his claim by some evidence that he has a right by prescription. we think that the defendant has shown by the evidence of Schmidt and the inferences to be drawn therefrom. that the original use was started by permission.

The plaintiff not having sustained the burden and proved his case by a preponderance of the evidence, his petition is dismissed, at his costs."

(Washburn, PJ. and Funk, J., concur.)